## TEXAS STATE HIGHWAY DEPARTMENT v. REEVES.

### No. 4001.

Court of Civil Appeals of Texas. Beaumont.

April 17, 1942.

Rehearing Denied April 29, 1942.

358

Gerald C. Mann, Atty. Gen., and Wm. J. King, Geo. W. Barcus, and Ocie Speer, Asst. Attys. Gen., for appellant.

K. W. Stephenson, of Orange, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case, with appellee, Richard E. Reeves, the employee, on allegations that appellant, Texas State Highway Department, was authorized by law to carry workmen's compensation insurance for its employees, and that in all respects it was qualified by law "to be, and was, self-insuring." Appellee plead in detail the facts supporting his prayer for total, permanent incapacity, and for a lump sum settlement. Appellant answered by pleas of general and special demurrers, general denial, pleas of partial and temporary disability, and that the total incapacity of appellee if established "was temporary, lasting not exceeding nine weeks." On the verdict of the jury, answering special issues, judgment was entered in appellee's favor for total, permanent incapacity, with his compensation to be paid in a lump sum, from which appellant has duly prosecuted its appeal.

The issue of "lump sum" was submitted to the jury by the following questions:

Special Issue No. 15 was as follows: "From the preponderance of the evidence, do you find that an injustice will result to Richard E. Reeves if a lump-sum settle-

ment were denied him in the event you award him compensation herein?"

Special Issue No. 16 was as follows: "From the preponderance of the evidence do you find that manifest hardship will result to Richard E. Reeves if a lump-sum settlement were denied him in the event you award him compensation herein?"

Appellant makes the following statement of its exceptions to these issues:

"Defendant objected to Issue No. 15, 'because any answer the jury might make would not support a judgment for a lump sum. * * *.'

"Defendant objected to Issue No. 16 'because any answer the jury might make; would not support a judgment for a lump sum, * * *.'

"Defendant objected to Issues Nos. 15 and 16, jointly and severally."

In connection with its exceptions, appellant requested the submission of the following issue, which was refused: "Do you find from a preponderance of the evidence that if plaintiff is entitled to any compensation manifest hardship and injustice would result to him from the failure to pay such compensation to him in a lump sum?"

Appellant makes the point that its exceptions challenged the sufficiency of special issues Nos. 15 and 16 on the ground that they did not contain the statutory word "manifest." Section 15, Art. 8306, R.C.S. 1925. The exceptions were too general to call this omission to the attention of the trial court and appellee's counsel. Obviously, had the exception directed the court's attention to the very omission complained of, the exception would have been conceded by the court and the charge corrected. Exceptions to special issues, to be reviewed, must point out clearly the ground of the exception. Rule 274, Texas Rules of Civil Procedure; Isbel v. Lennox, 116 Tex. 522, 295 S.W. 920; Southern Underwriters v. Jones, Tex.Civ.App., 137 S.W.2d 52; Federal Underwriters Exchange v. Stricklin, Tex.Civ.App., 151 S.W.2d 612.

■■■ Since special issues Nos. 15 and 16 were not subject to appellant's exceptions, but submitted to the jury both issues of "hardship" and "injustice" within the requirements of Section 15 of Art. 8306, as construed by appellant's authority, Texas Employers' Ins. Ass'n v. Ray, Tex.Civ. App., 68 S.W.2d 290, the court did not err in refusing to submit appellant's requested issue. The requested issue did contain the

statutory word "manifest" but this very point was not called to the attention of the court. The omission of the word "manifest" in issues 15 and 16 did not constitute fundamental error. The error assigned is one of omission only, and falls within the rule that erroneous omissions from the charge do not constitute fundamental error. First Nat. Bank v. Powell, Tex.Civ. App., 76 S.W.2d 870.

The court submitted to the jury the following issue

"Plaintiff's Requested Special Issue No. 3.

"Do you find from a preponderance of the evidence that such total incapacity, if any, of plaintiff resulting from such injury, if any, is permanent?"

Appellant's bill of exception to the submission of this issue gives the circumstances under which it was submitted, and appellant's objections to its submission: "Plaintiff's counsel began his opening argument several minutes before noon and at noon the court recessed for lunch. Following such noon hour after the court reconvened, and before plaintiff's counsel continued with his opening argument, plaintiff's special requested issue No. 3 was submitted to the court and to the defendant's counsel; whereupon defendant's counsel, Mr. King, in open court objected to the submission of said issue on the grounds that its submission at such time was placing undue emphasis before the jury; and in all probability would and did lead the jury to believe that the court was of the opinion that the jury would not only find that plaintiff was totally incapacitated, but that certain incapacity as would result from an injury to plaintiff was permanent; and further, because the manner and time and submission of said plaintiff's requested special issue No. 3 over the objection of the defendant at the time, constituted and was a comment upon the weight and preponderance of the evidence; that the court then and there overruled said objections made by the defendant in open court to which action of the court the defendant excepted and thereafter said plaintiff's requested special issue No. 3 was submitted to the jury, following which plaintiff's counsel resumed and completed the opening portion of his argument."

Appellant's point is that the submission of appellee's requested issue No. 3 was error "unless the appellee * * * shows clearly that no harm did result to the ap-

pellant. * * * Whether or not it is harmful is purely a speculation, and the courts should not and will not speculate upon this matter. Indeed, to support a finding of harmlessness, it must be upon clear, indisputable facts beyond a reasonable doubt." It is our conclusion that appellant suffered no injury by the mere submission of special issue No. 3 after the argument began. Appellant was given full opportunity to prepare its exceptions to this issue, and it was read to the jury by the court as a part of the charge. Special issue No. 3 was a fundamental, determinative issue, and without its submission appellee could have lost his case on an affirmative finding by the court under authority of Wichita Falls & O. Railway Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Appellee was entitled to a jury trial, and had the court refused him the right to a submission of special issue No. 3, he would have been denied a jury trial on an issue essential to a recovery by him of the relief prayed for.

Since this case was tried after the Texas Rules of Civil Procedure became effective, we shall not review the authorities cited by appellant in support of its assignment. The trial court read his charge to the jury under authority of Rule 275: "Rule 275. Charge Read Before Argument. Before the argument is begun, the judge shall read to the jury, in the precise words in which they were written, his charge and all requested instructions, special issues, definitions, and explanatory instructions which he may give."

In transmitting the new rules to the Supreme Court, the Rules Committee made the following statement: "We would not close this letter of transmittal without expressing clearly a thought with which the members of the Court have already indicated their complete agreement. The history of judicial reform confirms the fact that no set of new rules alone can work material change. The attitude of the judges who must interpret and apply the rules must in the final analysis determine the success of the entire program. Undoubtedly the vast majority of the trial and intermediate appellate judges of Texas anticipate the opportunity to interpret a new set of rules liberally to expedite the disposition of business and to decrease the number of technical reversals. But we should be blind to the obvious if we did not recognize that there may be a small minority of judges who do not immediately evidence the broad outlook typical of their brothers on the bench."

Rule 275, as against appellant's assignment, should be construed in the spirit of the letter of transmittal reflected by the statement above. Again, we give Rule No. 1: "Rule 1. Objective of Rules. The proper objectives of rules of civil procedure is (are) to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

Rule 275 does not announce a principle of "substantive law"; it is clear to our minds that on the facts reflected by appellant's bill of exception it was not denied "a just, fair, equitable and impartial adjudication" of its "rights." Appellant's assignments, that the submission of special issue No. 3 unduly emphasized "the issue of permanence of disability or incapacity" are denied by Missouri, K. & T. Railway Co. v. Coffey, Tex.Civ.App., 68 S.W. 721. Without quoting the charge, it is our conclusion that the court did not give "undue prominence to the issue of injury" nor "undue emphasis to the issue of partial incapacity."

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.