### ETTER v. VON STERNBERG.

No. 12323.

Court of Civil Appeals of Texas.   Galveston.
Nov. 8, 1951.

Rehearing Denied Dec. 6, 1951.

Fountain, Cox & Gaines and Joyce Cox, all of Houston, for appellant.

Fred W. Moore, Austen H. Furse, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Jerry Von Sternberg, for the recovery from appellant, Hall Etter, of sums claimed to be due him under a contract of employment, as assistant court reporter, for work in connection with the preparation and reporting of cases involving certain Texas City tort claims, as consolidated, on trial in the United States District Court, for the Southern District of Texas.

It is undisputed that under an original agreement between the parties appellee was to receive 60 per cent of the moneys received by appellant for appellee's work, less typing costs. Appellant contends that this arrangement was later changed and that it was agreed that appellee was to receive a flat rate of 70 cents per page, and that the agreement was further altered in connection with taking depositions in said cases.

Appellee denied these contentions and sued in the alternative for damages on a quantum meruit basis, and for exemplary damages for alleged fraud. Both parties prayed for an accounting.

In answer to Special Issues submitted, the jury found that appellant was indebted to appellee in the sum of $4,768.59 for services rendered by appellee, on a contract basis and that appellee was not indebted to appellant. The jury also found that appellant had made misrepresentations to appellee with reference to the amount of money he was receiving per page for the work done by him, but with no intent to defraud appellee. No exemplary damages were awarded appellee.

Judgment was rendered in favor of appellee for the sum of $4,768.59 and that appellant take nothing on his cross-action.

The record reflects that appellee worked for appellant throughout the year 1948 and until July 8, 1949, doing various types of court reporting work. Appellant paid appellee from time to time sums not allocable to any particular work.

Appellant relies for recovery upon nine Points of Assigned Error. Under his first four Points he alleges and contends that the trial court erred in holding that there was evidence to support the findings of the jury that appellant was indebted to appellee; in refusing to hold that the findings of such indebtedness was against the overwhelming weight and preponderance of the evidence adduced; in refusing to hold that the finding that appellee was not indebted to appellant was against the overwhelming weight and preponderance of the evidence. He alleged that the trial court's refusal to grant a new trial was indicative of an attitude prejudicial to appellant.

In answer to Special Issue No. 1 the jury found that appellant was indebted to plaintiff for services performed, and found in answer to Special Issue No. 2 the amount of such indebtedness.

The findings complained of are, we think, the controlling issues presented in the appeal and that the answers to each of such issues are sustained by ample evidence.

It is the settled law in this State that, where a jury and a trial judge, under conflicting evidence, have resolved a controlling issue of fact from first class evidence, adduced before them from living witnesses, whose credibility and the weight to be given their testimony, are determinable by the jury, with the approval of the trial judge, the issue has been thus resolved and the case is settled so far as it is affected by that issue of fact. Petroleum Producers Co. et al. v. Stolley et al., Tex. Civ.App., 137 S.W.2d 207.

The cases of Perry et al. v. Citizens Life Ins. Co., Tex.Civ.App., 163 S.W.2d 743, and Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824, are in accord with the rule above announced.

Many authorities, both texts and decisions, have set forth the rule by which an appellate court must govern itself in passing on the sufficiency of evidence. In 3B Tex.Jur. 445, it is said, "In the trial of a case before a jury, the facts proved, the credibility of witnesses and the weight to be given their testimony is a field seldom invaded by an appellate court. The appellate courts manifest extreme caution in disturbing the findings and verdict of the jury and always do so reluctantly. If there is any evidence to support the findings and verdict they are usually regarded as conclusive upon the appellate court, especially where the verdict has been approved by the trial court."

In 3B Tex.Jur. 449, it is said, "So the rule is well established that a reviewing court will not disturb the jury's verdict or findings where there is some evidence of probative value to support them unless the evidence is so overwhelmingly against the verdict or findings as to shock the conscience or show clearly that the conclusion reached was wrong or was the result of passion, prejudice or improper motive."

In the case of Ragan v. Mosher, Tex.Civ. App., 225 S.W.2d 438, 441, the court, in its opinion, held that "It is the settled law in this state that where a jury's answers to special issues are sufficient to form the basis of a judgment and such answers were not tainted with jury misconduct, a reviewing court will not disturb the verdict of the jury or findings of the trial court (when trial is without a jury) where there is some evidence to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him."

The case of Insurance Co. of North America v. Cangelosi, Tex.Civ.App., 217 S.W.2d 888, 889, holds that, "When an issue of fact has been thus raised, submitted and resolved by a jury, the finding thereon ought not to be disturbed upon appeal unless it affirmatively appears from the record as a whole that such finding is against the preponderance of the evidence in the case to that degree which clearly shows that manifest injustice will result if such finding is permitted to stand."

The rule with reference to the determining of the credibility of witnesses and the weight to be given their testimony, is stated in the cases of Texas Employers Insurance Ass'n v. Mask, Tex.Civ.App., 180 S.W.2d 369; Barron v. Houston, E. & W. T. Ry. Co., Tex.Com.App., 249 S.W. 825; McCarty v. Hogan, Tex.Civ.App., 121 S.W.2d 499, 17 Tex.Jur. 911.

In the trial court appellee testified that on only one occasion was the 60–40 arrangement existing between himself and Etter discussed by them or changed, except as to Bureau work which was divided on a 75–25 basis, and that on that occasion Etter had increased his share slightly because of difficulties in the work. He testified that appellant had concealed from him the sale of copies of depositions taken by him and that appellant had misrepresented the prices he had received for copies. His testimony in reference to these matters was supported by another assistant of appellant.

Under his fifth point appellant complains of the alleged error of the trial court in refusing to receive in evidence his pleading in a Federal court proceeding to fix appellant's fees as Special Master in the Texas City Tort Claim cases. The morning after appellant had concluded his evidence and had rested he offered in evidence a copy of a pleading filed by himself in a proceeding to fix his fees as a Special Master in the

Texas City Claim cases. The court excluded the evidence.

This contention must, we think, be overruled. The action of a trial court in refusing to allow the reopening of a case after a party has rested, for the purpose of introducing additional testimony, is, we think, discretionary with the trial court, under Rule 270 Texas Rules of Civil Procedure, and under the cases of Brandon v. Schroeder, Tex.Civ.App., 167 S.W.2d 599, and Safety Casualty Co. v. Malvoux, Tex. Civ.App., 204 S.W.2d 862, error refused, N.R.E.

Under his sixth, seventh and eighth points appellant contends that the trial court erred in permitting the case to be opened to evidence of quantum meruit, and in submitting to the jury issues on the questions of fraud and exemplary damages. He alleged that the pleadings and evidence ruled out all possibility of recovery except upon express contract. These contentions cannot, we think, be sustained.

Appellee plead in the alternative the reasonable value of the services rendered appellant by him, alleged to be worth $9,000 on a quantum meruit basis.

Rule 48, Texas Rules of Civil Procedure, provides that a party may set forth two or more statements of a claim or defense, alternatively or hypothetically, either in one count or defense, or in separate counts or defenses; and, in the early case of Fant v. Andrews, Tex.Civ.App., 46 S.W. 909, it is held that where plaintiffs sought to recover both on an express contract and upon quantum meruit, they might allege both and recover as the evidence might show.

In 45 Texas Jur. 332, it is said that under our system, alternative pleading is freely permitted, and no better example of this can be given than an alternative averment of an express contract and a statement of the facts of a quantum meruit with recovery as the evidence might show. At any rate a petition alleging a cause of action upon an agreement to furnish labor or materials at a specified price, or in the alternative, upon an implied agreement having the same effect, was held to be clearly good against a general demurrer.

Appellant's contention that the court erred in submitting an issue on exemplary damages cannot be sustained.

It has been uniformly held in this State that where a breach of contract is shown to have been accompanied by malicious and oppressive conduct, or to have occurred in such manner as to constitute a tort, the wrongdoer may be subjected not only to actual damages, but exemplary damages as well. 13 Tex.Jur. 247.

Under the record in the case at Bar, we think that no error was committed in the trial court in the form in which the issues of fraud, and exemplary damages were submitted.

Appellee alleged that appellant had breached his contract to pay him 60% of what his work brought in by misrepresenting the actual amounts derived from the work and concealing the number of copies sold. The facts established, and pleadings, in this case present, we think, a proper situation for the recovery of exemplary damages in the event it is found by the jury that appellee was entitled to them. That exemplary damages are recoverable in cases of this character is established by the decisions of our courts in the cases of National Finance Co. v. Fregia, Tex.Civ.App., 78 S.W.2d 1081 (error dismissed), Shirley v. Waco Tap R. Co., 78 Tex. 131, 10 S.W. 543; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S.W. 230.

Under his ninth point, appellant complains of the form in which the issues of fraud and exemplary damages were submitted to the jury.

It is to be presumed that the jury, in this consideration of the issues complained of, took into consideration the facts adduced in evidence in calculating the amount of the indebtedness due appellee by appellant, and that appellant was allowed the credits shown to be due him. The point is, in effect, an alleged misconduct of the jury. Under the record and the findings of the jury, based thereon, these contentions cannot, we think, be sustained.

The judgment of the trial court is, in all things, sustained.