**Frederick William MARTIN, Appellant,**

v.

**K. K. MOORE, Appellee.**

**No. 12689.**

Court of Civil Appeals of Texas, Austin.

Feb. 8, 1978.

Rehearing Denied March 1, 1978.

Thomas Goggan, Goggan & Cain, Austin, for appellant.

Price R. Ashton, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant and appellee are neighbors. The plaintiff below, appellee here, brought this suit to compel the defendant below, appellant here, to remove a board fence that appellant had erected along a common property line. Appellee alleged that the fence was in derogation of certain building restrictions applicable to the subdivision.

Trial to the court, sitting without a jury, resulted in a judgment permanently enjoining appellant from maintaining the fence.

We affirm.

The parties hereto are adjacent lot owners in Allandale Terrace. Appellee's residence is located at 3002 Carlisle and appellant's residence is located next to appellee's property on the corner lot at the intersection of Treadwell and Carlisle. The front of appellee's residence faces Carlisle and the front of appellant's residence faces Treadwell. The common boundary line between the parties is the eastern line of appellee's lot and the western line of appellant's lot at the rear of appellant's residence.

Appellant purchased his lot in May, 1975. Prior to his purchase of the property, a two-story house was constructed on the premises. At that same time, the rear portion of the lot was enclosed by a wooden fence that extended no further than the southwestern corner of the house. This left unfenced a portion of the side yard adjacent to Carlisle Drive. It was when appellant extended the pre-existing fence from the southwestern corner of his house down to his boundary line and, as a result, enclosed that portion of his property adjacent to Carlisle Drive that had previously been unfenced that plaintiff brought this lawsuit.

The following drawing depicts the location of the parties' property.

Carlisle Drive

The restrictions in the deed with respect to fences are as follows. One restriction provides that ". . . no fence, wall or hedge shall be built or maintained forward of the front wall line of the respective house. . . ." Another restriction provides that ". . . No fence or wall shall be erected, placed or altered on any lot nearer to any street than the minimum building setback line unless similarly approved. . . ." The "approval" part of the latter restriction refers to the method in which any of the restrictions can be changed; that is, by approval of an architectural control committee.

Appellant is before us on sixteen points of error which, in effect, present several questions for our determination.

■ The first question for determination is whether appellee waived or relinquished his right to enforce the restrictions as to the placement of the fence. Appellant contends that he did. Specifically, appellant argues that appellee approved the construction of the fence and, in fact, aided appellant in constructing the fence. Therefore, appellant concludes, that appellee's right to enforce the restrictive covenants was lost by waiver.

We cannot agree with this contention. The record discloses that although appellee may have indicated approval of the fence before it became apparent that the fence would be made of boards, six feet in height, and although appellee may have aided appellant in finding the correct property line, when appellee realized that the new fence would be projected all the way to Carlisle Drive, that it would be over six feet in height, and constructed of solid board, protests were made immediately. In our opinion, the evidence fails to show waiver of the restrictions.

■ We also hold that although the record discloses that there are two or more fences on corner lots in Allandale Terrace similar to the fence under attack here, appellant cannot successfully contend that the restrictions have been waived or abandoned, as there is nothing in the record to indicate that there was a lack of approval of those fences by the developers along with the architectural control committee. There is no evidence in the record of frequent and numerous violations of the restrictions that would reveal the intent on the part of the

property owners in Allandale Terrace to abandon the plan of development. See *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (Tex.1958). *Wald v. West MacGregor Protective Ass'n*, 332 S.W.2d 338 (Tex.Civ.App. Houston 1960, writ ref'd n. r. e.); *Stanford v. Brooks*, 298 S.W.2d 268 (Tex.Civ.App. Fort Worth 1957, no writ); *Eakens v. Garrison*, 278 S.W.2d 510 (Tex. Civ.App. Amarillo 1955, writ ref'd n. r. e.); *Rudy v. Southampton Civic Club*, 271 S.W.2d 431 (Tex.Civ.App. Waco 1954, writ ref'd n. r. e.); *Ragan v. Mosher*, 225 S.W.2d 438 (Tex.Civ.App. Galveston 1949, writ ref'd n. r. e.); *Klein v. Palmer*, 151 S.W.2d 652 (Tex.Civ.App. Galveston 1941, no writ); *Plaster v. Stuzman*, 8 S.W.2d 750 (Tex.Civ. App. Galveston 1928, no writ).

■ We also overrule appellant's contention that the restriction as to fences within the twenty-five-foot setback line does not apply because of the encroachment of his residence and the pre-existing fence into the restricted area over a period of many years. See *Ortiz v. Jeter*, 479 S.W.2d 752 (Tex.Civ.App. San Antonio 1972, writ ref'd n. r. e.); *First State Bank of Corpus Christi v. T. M. James*, 471 S.W.2d 868 (Tex.Civ. App. Corpus Christi 1971, no writ). Although the record does not disclose the extent of the encroachment, indications are that it is minimal.

■ The next question for our consideration is whether this action was timely commenced. The applicable procedure for enforcement of the restrictions is specified in the restrictive covenants. It reads:

"*Procedure:* The committee's approval or disapproval as required in these covenants shall be in writing. In the event the committee, or its representative [*sic*] to approve or disapprove, within thirty days after plans and specifications have been submitted to it, or in any event, *if no suit to enjoin the construction has been commenced prior to the completion thereof*, approval will not be required and the related covenants shall be deemed to have been fully complied with." (Emphasis added)

The evidence discloses that a two-month period elapsed between the date of construction of the fence and the date of institution of this suit. The trial court found that in the context of this case, the applicable procedure to enjoin construction was unreasonable, due to the fact that building was commenced on Saturday afternoon and completed on Monday afternoon. Appellant, in his brief and during oral argument, agreed with the trial court. However, appellant argues that appellee did not commence this suit within a reasonable time *after* completion of the project. Appellant suggests that thirty days from completion of construction would be a reasonable time in which to file suit.

We do not agree with appellant's position. There is nothing in the record to suggest inexcusable delay on the part of appellee and, therefore, the determination of the trial court that appellee commenced this suit within a reasonable time after appellant constructed the fence is supported by the record. See *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167 (Tex.1943); *Keene v. Reed*, 340 S.W.2d 859 (Tex.Civ.App. Waco 1960, writ ref'd); *Litvin v. Kennedy*, 290 S.W.2d 707 (Tex.Civ.App. Eastland 1956, no writ).

■ We also overrule appellant's contention that there is no pleading or proof that approval of the architectural control committee was, in fact, not obtained and that, therefore, appellee failed to prove his cause of action. Contrary to appellant's assertion, the plaintiff does not have to anticipate defenses but it is the burden of the defendant to plead and prove matters in confession and avoidance.

■ We hold that approval of the fence by the committee is in the nature of an affirmative defense that was neither pleaded nor proved by appellant, defendant below, and, consequently, was waived. See *Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co.*, 189 S.W. 784, 791 (Tex.Civ. App. Amarillo 1916, writ ref'd).

■ The final question for our determination is whether the restrictions, set out

above, are applicable. The trial court determined that the twenty-five-foot front lot setback line along Carlisle Drive controls the proper location of the fence in question. This is so even though appellant's house was constructed so as to front on Treadwell Street. We sustain the trial court's findings of fact and conclusions of law in this respect. When the photographs of the fence placed in evidence are viewed, it becomes apparent at once that the fence is unsightly, restricts appellee's view of Treadwell Street to the east, and is not in harmony with the general pattern of the neighborhood. Thus, the applicability of the setback restrictions become readily apparent.

In this regard, we overrule appellant's contention that the twenty-five-foot setback line restriction was neither pleaded nor proved. Appellant argues that the trial court erred in advising appellee of a ground of recovery that appellee had not invoked, and in allowing appellee's trial amendment and entering judgment based thereon. In our judgment, defendant waived any objection he may have had to the trial court's request for a clarification of the nature of the case or in allowing appellee's trial amendment since the evidence admitted without objection clearly raised the issue of the setback restriction and, therefore, the issues raised in the amendment were tried by consent of the parties.

The judgment of the trial court is in all things affirmed.

Affirmed.