## MILLS AND ANOTHER v. HOWARD.

This case differs from the cases heretofore decided, in which the writ of error was dismissed for the want of an averment in the petition for the writ, of the residence of the defendant in error, or that he was a non-resident, in that it appears by the record, by averment of the plaintiff, (now defendant in error,) in the original petition, that he is a non-resident. The fact thus appearing, it was not necessary to make the averment in the petition for the writ of error.

Where it appears by the record, that the attorney, on whom the citation was served, was attorney of record [of the defendant in error, it is not necessary that it should so appear by the return of the officer.

Error from Red River. The defendant in error brought

suit against the plaintiffs in error, alleging in his petition that he resides in New Orleans, in the State of Louisiana. There was judgment for the plaintiff, and the defendants brought a writ of error. Upon the petition for the writ, citation was served upon one of the attorneys of record of the defendant in error, who now moves to dismiss the writ of error on two grounds:

1st. That the petition for the writ does not state the residence of the defendant in error.

2nd. That it does not appear, by the return of the Sheriff, that the citation was served upon the attorney of record of the defendant in error.

*Henderson & Jones*, for plaintiffs in error.

*Young & Morgan*, for defendant in error.

WHEELER, J. This case differs from the cases heretofore decided, in which the writ of error was dismissed for the want of an averment in the petition for the writ, of the residence of the defendant in error, or that he was a non-resident, in that it appears by the record in this case, by averment of the plaintiff (now defendant in error) in the original petition, that he is a non-resident. The fact thus appearing by the record, it was not necessary to make the averment in the petition for the writ of error.

It will suffice as an answer to the remaining ground assigned in support of the motion, that it appears by the record that the attorney, on whom the citation was served, was attorney of record of the defendant in error in the Court below. It, therefore, was not necessary that it should appear by the return of the officer to the citation in error. The motion to dismiss is overruled.

Motion overruled.