Jack F. PUGH, Appellant,

v.

The TEXAS COMPANY, Appellee.

No. 17231.

Court of Civil Appeals of Texas.

Dallas.

Jan. 24, 1969.

Neil Brans, Dallas, for appellant.

John Fox Holt, Dallas, for appellee.

DIXON, Chief Justice.

On November 22, 1967 appellant Jack F. Pugh filed a bill of review seeking to set aside a judgment by default for $995.91 rendered against him on January 2, 1958 in favor of appellee The Texas Company, a corporation. Appellant also asked that money collected by appellee in garnishment suits in satisfaction of the debt be refunded.

In his petition appellant alleged that he had no knowledge of the pendency of appellee's suit or of the judgment against him until January 12, 1967 when a garnishment suit was filed impounding funds he had on deposit with the First State Bank of Stratford, Texas. He also alleged that he had never been served with citation and that he had a good defense against appellee's suit.

Appellee answered with a general denial, and pleas of limitations, estoppel, laches, lack of diligence and charged that appellant's suit was a collateral attack against the three garnishment judgments obtained by appellee against the bank, in which garnishment proceedings appellant had negligently failed to intervene.

The bill of review proceeding took place before the court without a jury. Judgment was rendered that appellant take nothing by his suit.

Pursuant to a request by appellant the trial court filed findings of fact and conclusions of law. Among the nineteen findings made by the court were the following: (1) the suit filed by appellee in 1957 was based on a promissory note and a sworn account; (3) citation was served on appellant on December 6, 1957 by Sheriff Ross Turner, (4) who was the duly qualified and acting Sheriff of Sherman County, Texas at the time; (5) on January 2, 1958 judgment was rendered in favor of appellee against appellant for $995.91, the judgment reciting that the defendant had been duly served, but had failed to answer; (6) an abstract of judgment was issued by the County Clerk of Dallas County on January 8, 1958 and recorded in Sherman County, Texas on January 14, 1958; (7) at the time judgment was rendered appellant was indebted to appellee in the amount of $910.91; (8) by letter dated February 24, 1958 appellant was notified by appellee that judgment had been rendered against appellant and by virtue of said letter appellant had actual knowledge of the existence of the judgment since a date prior to March 1, 1958; (9) in the years 1966 and 1967 appellee filed and had served the bank in three garnishment suits based on the judgment of January 2, 1958, and appellant knew immediately of the filing of said suits; (10) appellant did not intervene or assert any defense against said garnishment suits, and judgments were rendered awarding the impounded funds to appellee; (13) appellant had actual notice that appellee was contemplating suit against him for gasoline purchased and appellant wrote to appellee and appellee's attorney admitting the correctness of the account and promising to pay—appellant attempted to pay the note by check dated July 22, 1957, but payment of said check was refused because of insufficient funds and the check returned to appellee, and appellant could have discovered the existence of the suit against him by reasonable diligence; (15) appellant does not have any defense against the suit filed by appellee in which judgment was rendered January 2, 1958; (16) more than four years have elapsed between the time appellant first knew of the existence of the judgment against him and the filing of his bill of review petition; (17) by the use of reasonable diligence, appellant would have discovered prior to March 1, 1958 the existence of the judgment; (18) the 1958 judgment against appellant has been paid and satisfied by the garnishment suits and appellee has tendered appellant a release.

We have carefully examined the record in this case. It is our opinion that every

one of the above enumerated findings of the trial court is amply supported by evidence. Since the findings themselves constitute a succinct summary of the evidence we shall not prolong this opinion by a detailed statement of the evidence. We are of the opinion that the court correctly concluded that judgment should be entered that appellant take nothing.

Appellant's brief presents fourteen points of error, every one of which really rests on his claim that citation was not served on him hence the judgment rendered against him is void. We see no merit in appellant's contention and overrule all his points of error.

■ Appellant did testify that citation was not served on him. His was the only testimony to that effect. Being an interested party his testimony, even if it had been uncontradicted, would have done no more than raise a fact question "unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony." Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). See also Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640, 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). See also Randall v. Collins, 58 Tex. 231 (1881). Here appellant's testimony was not clear, direct and positive and there were circumstances in evidence tending to discredit it. The sheriff's return on the citation recites that the citation and a copy of the petition were served on appellant in person. The return is sworn to before a notary public. Appellant himself testified that the sheriff was so desperately ill at the time of the trial that he lay at death's door. Consequently his testimony was not available to appellee to contradict appellant's testimony. The judgment recites that citation was duly served. The court decided the fact question con-

cerning service of citation against appellant and this court is bound by that finding.

■ Appellant also attacks the sheriff's return because the word "Sheriff" is omitted following the sheriff's signature. It is undisputed that Ross Turner was Sheriff of Sherman County, Texas at the time the citation was served on appellant in Sherman County, where appellant resided. The return was not invalid nor the judgment void because of the omission of the word "Sheriff" after the officer's signature. In London v. Chandler, 406 S.W.2d 203 (Tex.Sup.1966) our Supreme Court in a per curiam opinion refusing to grant a writ, no reversible error, held that notwithstanding Rule 101, Texas Rules of Civil Procedure, failure to note the date of issuance does not render a citation invalid, service thereof ineffective, or a judgment rendered pursuant thereto void. See also Preusser v. Sealey, 275 S.W.2d 830 (Tex. Civ.App., Beaumont 1955, writ ref'd n. r. e.); Kimmell v. Edwards, 193 S.W. 363, 366 (Tex.Civ.App., Fort Worth 1917, no writ); Foust v. Warren, 72 S.W. 404 (Tex. Civ.App., 1903, no writ); Mills v. Howard, 12 Tex. 9 (1854); 72 C.J.S. Process p. 1131. ·

■ It was necessary for appellant to prove he had a meritorious defense to appellee's 1958 suit and judgment. McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710 (1961); American Spiritualist Ass'n v. City of Dallas, 366 S.W.2d 97 (Tex.Civ.App., Dallas 1963, no writ). This he failed tö do. He testified that he had cancelled checks proving payment of the indebtedness. But he did not produce said checks or any other evidence supporting his contention. In his brief he says it was not necessary for him to prove a meritorious defense because the judgment was void for lack of service of citation. We have already held that the judgment was not void, so it is not necessary for us to pass on appellant's excuse for his failure to prove a good defense.

Appellee on the other hand introduced the testimony of its credit manager supported

by numerous exhibits, including appellant's check for $634.95 dated July 22, 1957 which had been returned to appellee unpaid because of insufficient funds.

Having overruled all of appellant's points of error we affirm the trial court's judgment.

Affirmed.