Sarah CAMERON, Appellant,

v.

D.G. MacDONELL, Appellee.

No. 13–82–258–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 20, 1983.

Jeffrey D. Roerig, Cox, Wilson, Black, Roerig & Oliveira, R.W. Armstrong, Brownsville, for appellant.

Paul Q. O'Leary, O'Leary, Sanchez & Benton, Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a permanent injunction case. Appellant, Sarah Cameron, and appellee, D.G. MacDonell, are owners in common, by virtue of condominium deeds of a certain tract of land in Valley Inn and Country Club Condominium No. 4, Cameron County, Texas. Appellee constructed a garage next to his property but on the common lands next to his unit. Appellant sought injunctive relief to first prevent construction of and then to remove the garage. In two separate hearings, the trial court denied all injunctive relief.

Appellant purchased her condominium, Unit 601–4, in June of 1977. Appellee purchased his condominium, Unit 603–1, on December 13, 1978. The respective units are in separate buildings, approximately 50 feet apart. The garage in question was constructed in the area between the two units. With the exception of the description of the individual units purchased, each deed is identical. On or about November 14, 1981, appellee began construction of a garage on the land immediately adjacent to his unit. On November 20, 1981, appellant filed suit for injunctive relief and obtained a temporary restraining order. On November 30, 1981, the appellant's request for a temporary injunction was denied. Appellee then completed construction of the garage and driveway. On April 1, 1982, a hearing was held on appellant's application for a permanent injunction and for removal of the garage. Prior to this hearing, a special master in chancery was appointed by the court to determine the ownership to the land on which the garage was constructed. After hearing the evidence, and reviewing the report of the master in chancery, the trial court denied the relief sought by appellant.

By three points of error, the appellant presents one question to this court. Did the trial court err as a matter of law in not enjoining the appellee from constructing a garage on common lands?

■ Before reaching the merits of appellant's point of error, we note that there were no findings of fact or conclusions of law made by the trial court, though properly requested and reminded by the appellant as required by Rules 296 and 297 Tex.R. Civ.P. However, appellant failed to bring forward a point of error on this failure to act by the trial court. Such error not being fundamental, it is therefore unassigned and waived. *Dept. of Human Resources v. Wininger,* 657 S.W.2d 783, 27 Sup.Ct.J. 29 (Tex. 1983).

■ Where findings of facts and conclusions of law are not made, the judgment of the trial court will be affirmed if there is any evidence of probative force to support it on any theory authorized by law. *Lewkowicz v. El Paso Apparel Corp.,* 625 S.W.2d 301 (Tex.1981); *Don's Marine v. Haldeman,* 557 S.W.2d 826 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). In reviewing the evidence, we will consider the evidence most favorable to the trial court's presumed findings and disregard all contrary evidence. *Renfro Drug Company v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Oxford Development Company v. Eppes,* 422 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1967, no writ).

■ A permanent injunction, unlike a temporary injunction, is reviewed by this court in the same manner as in any other appellate review. *Fuentes v. City of Kingsville,* 616 S.W.2d 679 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Electronic Data Systems Corp. v. Powell,* 524 S.W.2d 393 (Tex. Civ.App.—Dallas 1957, writ ref'd n.r.e.).

Upon a thorough review of the record, we see two legal theories upon which the trial court's judgment could be based. The first is based on a waiver. The evidence was undisputed that some 167 separate acts of construction on common lands existed on lots 601, 603, 605, 607 and 609. Although there was no evidence concerning how much of this construction was done after appellant purchased her unit, it was undisputed that some construction on common land was done to her own block of units after appellant purchased her unit.

■ Viewing the evidence in a light most favorable to the judgment, we find no evidence to support the theory that appellant waived her right to complain of the appellee's building his garage on common ground. Even if we draw an analogy to a waiver of building on common ground of a condominium complex to that of a deed restriction case, we find that the judgment here is unsupported by the evidence. It has long been the law concerning waiver of deed restrictions that the waiver of another violation not affecting a particular property owner does not constitute a waiver of violations materially affecting the owner's property *Stewart v. Welsh,* 142 Tex. 314, 178 S.W.2d 506 (1949); *First State Bank of Corpus Christi v. James,* 471 S.W.2d 868 (Tex.Civ.App.—Corpus Christi 1971, no writ). We find no evidence in the record that appellant had ever waived a use of common land which materially affected her unit.

We do not say that the construction of permanent improvements on common land in the condominium regime is analogous to violations of deed restrictions. To the contrary, we believe the opposite is true. Each owner of a condominium unit is a tenant in common to all common areas such as that used by appellee to construct his garage. Tex.Rev.Civ.Stat.Ann. art. 1301a (Vernon 1980); *Dutcher v. Owens,* 647 S.W.2d 948 (Tex.1983); *Ventura v. Hunter Barrett and Company,* 552 S.W.2d 918 (Tex.Civ.App.— Corpus Christi 1977, writ dism'd)[1] and see *Sparks v. Robertson,* 203 S.W.2d 622 (Tex. Civ.App.—Austin 1947, writ ref'd). We find no evidence to support any special interest owned by appellee in the common land which would justify the construction of the garage on the property immediately adjacent to his property.

■ The second theory upon which the judgment of the trial court might be affirmed is that the appellant lacked standing to prosecute this action individually. This theory is also without legal basis. In *Scott v. Williams,* 607 S.W.2d 267 (Tex.Civ.App.— Texarkana 1980, writ ref'd n.r.e.), it was held that a co-tenant in a condominium project may proceed alone to seek redress for misuse of common property, absent any objection by the defendant. The appellee, defendant below, did not object to appellant's proceeding without joinder of all or any other co-tenants. See *Board of Directors of By the Sea Council v. Sondock,* 644 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1982, writ ref'd n.r.e.). Appellant's points of error 1 through 3 are sustained.

■ We now must look to the disposition of this case. Acting as an appellate court in equity, as we do in cases involving injunctive relief (*Electronic Data Systems Corp.,* 524 S.W.2d 393 at 395), we find that it would not be an equitable result to order the appellee to remove the completed structure and concrete driveway if money damages could be assessed, even though the trial court allowed its initial construction.

We therefore reverse this case and remand the cause to the trial court for a determination of the monetary damages, if

---

1. For an overview of Tex.Rev.Civ.Stat.Ann. Arts 1301a et seq. (Vernon Supp.1982), See Comment: An Analysis of the Texas Condominium Act: Maintenance and Operation of a Condominium Project, 11 St. Mary's C.J. 861 (1980); Comment: The Condominium and the Corporation—A Proposal for Texas, 11 Hous.C. Rev. 454 (1974).

any, that the appellant individually has suffered, considering not only her close proximity to the completed structure, but also her proportionate interest in the common property which has been appropriated by the appellee. See *Scott v. Williams,* 607 S.W.2d 267 at 271. It is further ordered that appellee shall pay reasonable attorney's fees to the appellant and all of the costs below and on appeal.

It is further ordered, however, that, if the appellee fails to pay the amounts set forth hereinabove after the trial court makes its finding and within ninety days after the trial court's judgment becomes final, the trial court shall order the garage and driveway removed at the expense of the appellee.

REVERSED AND REMANDED with instructions.