Carol MOORE, Appellant,

v.

The OFFICE OF the ATTORNEY GENERAL, Jim Mattox, Casey Hoffman, Sandra Moreno Haire and Heriberto F. Longoria, Jr., Appellees.

No. 3–90–264–CV.

Court of Appeals of Texas, Austin.

Nov. 6, 1991.

William J. Kolb, Law Offices of William J. Kolb, Corpus Christi, for appellant.

Dan Moralies, Atty. Gen., Leslie L. McCollom, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellees.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

This is a wrongful discharge case. Carol Moore, appellant, brought suit against the Office of the Attorney General, Jim Mattox, Casey Hoffman, Sandra Moreno Haire, and Heriberto F. Longoria, Jr. (collectively, "defendants"), alleging that she was wrongfully discharged from her employment. Trial was to the court. The trial court granted defendants' motion for judgment at the conclusion of Moore's case-in-chief. In this appeal, Moore argues that two of the trial court's findings of fact are so against the great weight and preponderance of the evidence as to be manifestly unjust. We will affirm the judgment.

## STATEMENT OF FACTS

Moore was employed with the Texas Department of Human Services beginning in 1971, first as a food stamps worker and then in the child support enforcement program. She worked at the Department of Human Services until she transferred to the Child Support Enforcement Division of the Texas Attorney General's Office on September 1, 1983. She had no definite term of employment with the Attorney General's Office. On September 12, 1986, she received written notice that her job would be eliminated effective September 30, 1986, due to a formal reduction in force. Moore filed this lawsuit after receiving such notice, but before actually being ter-

minated. On October 16, 1986, a hearing was held on her application for temporary injunction. Injunctive relief was denied, and Moore's employment with the Attorney General's Office was terminated as of October 16, 1986.

As a basis for her lawsuit, Moore alleged that she had a property interest in her continued employment with the Attorney General's Office, and that she was being deprived of that property interest in violation of her due-process rights. Moore based her property-interest claim on representations allegedly made to her by someone at the Attorney General's Office before her transfer in 1983. At trial Moore testified that before her transfer, the Attorney General's Office orally informed her that there would be no change in her job status; that her employment would continue to be governed by the "Texas merit system"; and that the formal grievance procedures and the tenure-based reduction-in-force policies of the Department of Human Services would continue in effect at the Attorney General's Office. Moore claimed that she relied on these representations in deciding to transfer to the Attorney General's Office. Moore argues that these oral representations were sufficient to create a property interest in her employment under Texas law.

## GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE

On appeal Moore does not attack the trial court's findings and conclusions that she was given proper due-process protections before her termination; rather, Moore attacks the following findings of fact concerning her property-interest argument:

15. The Agency Personnel Policy Manual of the Attorney General's Office, dated January 15, 1986 (Df.Ex. 1), clearly, expressly, and unambiguously stated that all employees of the Attorney General of Texas were employees at will, and that none of the terms or contents of the personnel manual were contractual or created any property interest in employment. To the extent that Plaintiff had any particular expec-

tations about the terms or conditions of her employment, such expectations or understandings were completely unilateral and were in no respect mutually explicit with her employer. Plaintiff did not introduce any evidence of an employment contract or agreement in effect between herself and the Texas Attorney General's Office during 1986. Plaintiff admitted at trial that she had access to the Agency Personnel Policy Manual, and knew of its existence prior to June 17, 1986.

. . . .

25. The Court finds that the Plaintiff did not introduce any evidence tending to support her claim of a property interest in her employment, or of any mutually explicit understanding which modified her status as an at-will employee of the Attorney General of Texas during 1986.

■■■ As stated earlier, the trial court granted defendants' motion for judgment at the close of Moore's case-in-chief. A trial judge, sitting as trier of fact and law, can rule on both the factual and legal issues at the close of the plaintiff's case and can make factual findings at that time if requested by a party. *Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 304 (Tex.1988). By granting the defendants' motion for judgment, the trial court is presumed to have ruled on the sufficiency of the evidence. *Id.* at 305.

■■■ Therefore, in order to sustain Moore's attack on the factual sufficiency of the evidence to support the two challenged findings of fact, we must conclude that they are "so contrary to the overwhelming weight of all relevant evidence as to be clearly wrong and unjust." *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Hickey v. Couchman,* 797 S.W.2d 103, 110 (Tex.App. 1990, writ denied). In making this determination, we note that to weigh the evidence, draw inferences from the facts, and choose between conflicting inferences is the function of the trier of fact. *Ramo, Inc. v. English,* 500 S.W.2d 461, 467 (Tex.1973). Further, in a non-jury case, it is the trial judge's responsibility to judge the credibili-

ty of the witnesses. "The trial judge may accept or reject the testimony of any witness in whole or in part, and while an appellate court may not have reached the same findings, it may not substitute its judgment for that of the trial court." *Forscan Corp. v. Dresser Indus., Inc.,* 789 S.W.2d 389, 394 (Tex.App.1990, writ denied).

To have a property interest protected by the due process clause of the federal constitution, a person must have a legitimate claim of entitlement. *See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). With respect to property interests in employment, the sufficiency of the claim of entitlement must be decided by reference to state law. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

"The long standing rule in Texas is that employment for an indefinite term may be terminated at will and without cause." *Winters v. Houston Chronicle Pub. Co.,* 795 S.W.2d 723 (Tex.1990). Valid contractual limitations on the right to terminate may, however, be imposed by agreement of the parties. *United Transp. Union v. Brown,* 694 S.W.2d 630, 632 (Tex. App.1985, writ ref'd n.r.e.). Thus, if a plaintiff can prove a modification of her "employment at will" by oral agreements with persons who had authority to make the modification, her continued employment is no longer "at will" but is subject to the oral agreements. *See Johnson v. Ford Motor Co.,* 690 S.W.2d 90, 93 (Tex.App. 1985, writ ref'd n.r.e.).

In the present case, Moore introduced no evidence of any written agreements modifying her "at will" status. Rather, she relies solely on her own testimony that an unidentified person with the Attorney General's Office made certain oral representations to her. Moore argues that because this testimony was uncontradicted by defendants, the trial court's findings of fact Nos. 15 and 25 are in error. We disagree.

An interested party's testimony, even if uncontradicted, does no more than raise a fact question *unless* it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965); *see also Pugh v. Texas Co.,* 437 S.W.2d 55, 57 (Tex.Civ.App.1969, no writ). This exception is particularly appropriate where the opposing party has the means and opportunity to disprove the testimony, if it is not true, but fails to do so. 391 S.W.2d at 47. Moore's testimony does not satisfy the "clear, direct and positive" exception. Moore testified that "the Attorney General's Office" made certain representations to her; however, she presented no evidence showing which specific individuals actually made these representations. Without knowing what persons supposedly made the representations, Moore's testimony can hardly be characterized as "clear, direct and positive"; nor could defendants be expected to rebut such a vague assertion. Thus, as stated earlier, the trial judge was free to reject Moore's testimony in whole or in part. Without such testimony, we cannot conclude that the trial court's rejection of her claim of a property interest in her employment was against the great weight and preponderance of the evidence.

Further, even if we were to assume that some individual at the Attorney General's Office entered into an oral agreement with Moore, she failed to introduce evidence of that individual's authority to enter into such an agreement on behalf of the Attorney General's Office. The party who relies on the existence of an alleged agency relationship or who asserts that a particular act of the alleged agent was within the scope of his authority has the burden of proving such allegations by a preponderance of the evidence. *Thermo Prod. v. Chilton Indep. School Dist.,* 647 S.W.2d 726, 732 (Tex.App.1983, writ ref'd n.r.e.). "An agency relationship can arise only at the will and by the act of the principal, and its existence is always a fact to be proved by tracing it to some act of the alleged principal." *Id.* In the present case, there is no evidence that the alleged

representations were made by someone with authority because there is no evidence of the identity of the agent. Moreover, there is no evidence concerning the actions of the principal, the Attorney General's Office, other than general testimony that "we were informed" of certain things by "the Attorney General's Office." Finally, the rule that an agent can bind his principal by acts within his apparent authority has been held not to apply to public officers. *See id.* at 733; *see also Fort Worth Cavalry Club v. Sheppard,* 125 Tex. 339, 83 S.W.2d 660, 663 (1935); *Fazekas v. University of Houston,* 565 S.W.2d 299, 304 (Tex.Civ.App. 1978, writ ref'd n.r.e.), *appeal dismissed,* 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979).

## CONCLUSION

For the foregoing reasons, we conclude that the trial court's findings of fact challenged herein are not so against the great weight and preponderance of the evidence as to be manifestly unjust. Moore's points of error are overruled and the trial court's judgment is affirmed.