Hobbs 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-348-CV





L. C. HOBBS,



 APPELLANT


vs.





ALUMINUM COMPANY OF AMERICA,



 APPELLEE


 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 21,461, HONORABLE HUME COFER, JUDGE PRESIDING



 



 In 1988, appellant L. C. Hobbs sought to acquire the use of two public roads that
the Milam County Commissioners Court (Milam County) abandoned in 1978 and 1986. Hobbs
initially sued appellee Aluminum Company of America (ALCOA) and Milam County, asking that
ALCOA be enjoined from obstructing his use of the abandoned roads and that the company be
required to restore any portions of the roads that it destroyed after the abandonments. ALCOA
successfully moved for partial summary judgment, arguing that limitations barred any action
pertaining to the 1978 road abandonment. In a subsequent bench trial, the trial court rendered a
take-nothing judgment on Hobbs's claims pertaining to the 1986 abandonment. Hobbs now
appeals.



BACKGROUND


 Hobbs owns a two-acre tract of land in Milam County. On June 12, 1978, the
commissioners court voted unanimously to abandon a portion of the Pleasant Hill Road near his
property. On November 24, 1986, the commissioners court unanimously voted to abandon a
portion of County Road 460 near his tract. ALCOA built replacement roads and deeded them to
the County before any road closures took place. ALCOA's subsequent disposition of the
abandoned roads prevented Hobbs from using them, although the new roads provided him with
access to his tract.

 In 1988, Hobbs sued Milam County and ALCOA, claiming that his property
abutted Pleasant Hill Road and that he had acquired a prescriptive right to use this road. He
claimed that because he and his predecessors-in-title used these roads continually for over ten
years before the 1978 road-closure date, he had acquired a "private right" to the continued use
of the roads. He sought to enjoin ALCOA and Milam County from interfering with his continued
exercise of this right. Because by this time Pleasant Hill Road had been destroyed, he also sued
for its restoration to its former condition. The trial court found that limitations barred his cause
pertaining to the 1978 closing of Pleasant Hill Road and granted partial summary judgment in
favor of defendants. Hobbs subsequently non-suited Milam County and filed an amended petition
against ALCOA in which he reurged his claim to a prescriptive private right to the continued use
of both roads. Hobbs sought to enjoin ALCOA from interfering with that right and he asked that
ALCOA be required to restore those portions of the roads that may have been destroyed. 

 The trial court rendered a take-nothing judgment on Hobbs's claim and he appeals. 
He argues that the trial court failed to consider his private right to use the road and that the court
misapplied the law when it rendered judgment for ALCOA. Hobbs also alleges that ALCOA's
earlier partial summary judgment on the Pleasant Hill Road closing was premised upon an
erroneous application of a two-year statute of limitations.



ANALYSIS


 Hobbs's first four points of error challenge the trial court's reliance upon the
County Road and Bridge Act (1) when rendering a take-nothing judgment on his cause. He asserts
that his actions against ALCOA are premised upon a claim to a prescriptive "private right" by
which he is entitled to continued use of each of the roads at issue. He argues that a party whose
land abuts a road acquires a common-law private right to the continued use of that road,
notwithstanding a commissioners court's statutory authority to abandon a public road under the
County Bridge and Road Act. In support, Hobbs cites Smith County v. Thornton, 726 S.W.2d
2 (Tex. 1986); Meyer v. Galveston, H. & S.A. Ry. Co., 50 S.W.2d 268 (Tex. Comm. App.,
holding approved, 1932); and Moore v. Commissioners Court, 239 S.W.2d 119 (Tex. Civ. App.
1951, writ ref'd); Commissioners' Court v. Kaiser, 23 S.W.2d 840 (Tex. Civ. App. 1929, writ
ref'd). ALCOA argues that the county's compliance with section 2.002 of the Act allows ALCOA
to defeat Hobbs's cause.

 We need not decide whether Hobbs's common-law cause of action coexists with
the Act or whether that statute extinguishes Hobbs's alleged action. Even assuming that Hobbs's
action enjoys a continuing vitality, we do not think that Hobbs is entitled to reversal. In
reviewing the cases on which Hobbs relies, we note that each involved a landowner whose
property abutted a thoroughfare. A finding that a landowner's property abuts the thoroughfare
is a critical element of this common-law action.

 In the instant case, however, the parties dispute whether the Hobbs tract abuts any
road or portion of road that has been abandoned. Hobbs maintains that his tract abuts the
abandoned portion of County Road 460, but ALCOA introduced testimony at trial that Hobbs's
property is just south of the abandoned portion of the road. In addition, ALCOA also introduced
evidence that Hobbs maintains his right of ingress and egress using portions of the road that were
not abandoned.

 Whether Hobbs's property abuts the road was a fact question that required the fact-finder to determine if the commissioners court's order abandoned all of the road, or merely a
portion of it. After judgment was rendered favoring ALCOA, Hobbs timely requested findings
of fact and conclusions of law. When the court failed to sign the proposed findings and
conclusions, Hobbs did not file a "Notice of Past Due Findings of fact and Conclusions of Law." 
See Tex. R. Civ. P. Ann. 297 (Supp. 1992). "Where findings of facts and conclusions of law are
not made, the judgment of the trial court will be affirmed if there is any evidence in the record
sufficient to support it on any theory authorized by law." Cameron v. MacDonell, 659 S.W.2d
911, 912 (Tex. App. 1983, no writ) (citing Lewkowicz v. El Paso Apparel Corp., 625 S.W.2d 301
(Tex. 1981)). We presume that the trial court based its judgment upon implicit findings supported
by the evidence; we therefore overrule the first four points of error.

 In his fifth point of error, Hobbs addresses the trial court's grant of summary
judgment regarding the 1978 abandonment of Pleasant Hill Road. In order for summary judgment
to be proper, ALCOA must establish that it is entitled to judgment as a matter of law and that
there is no genuine issue of material fact. See Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). In reviewing the summary judgment, we must view the
evidence in the light most favorable to Hobbs, the non-movant, and resolve all doubts and
inferences in his favor. Id. at 548-49. Hobbs does not charge ALCOA with failure to eliminate
disputed fact issues; rather he complains that ALCOA was not entitled to judgment on the basis
of the two-year statute of limitations. We disagree.

 The two-year statute of limitations applicable to actions for closing or abandoning
roads provides that



(a) A person must bring suit for any relief from the following acts not later than
two years after the day the cause of action accrues:


 * * *


 (2) the adoption by a commissioners court of an order closing and
abandoning, or attempting to close and abandon, all or any part of a public
road or thoroughfare in the county . . . . 



Tex. Civ. Prac. & Rem. Code Ann. § 16.005 (1986) (emphasis added). The statute also provides
that the "cause of action accrues when the order . . . is passed or adopted." Id. § 16.005(b). 

 The statute requires that a suit "for any relief" must be brought within two years
of the order abandoning the road. ALCOA attached to its motion for summary judgment a copy
of the commissioners court's order abandoning Pleasant Hill Road dated June 12, 1978. The
record shows that Hobbs did not bring his cause of action until August 24, 1988, some ten years
later. Even assuming that Hobbs acquired a private right to use a road abutting his property, the
two-year statute-of-limitations would bar suit to enforce that right. We overrule Hobbs's fifth
point of error.



CONCLUSION


 Having found no error, we affirm the judgment of the district court. 



 

 Bea Ann Smith, Justice


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 26, 1992

[Do Not Publish]

1. Tex. Rev. Civ. Stat. Ann. art. 6702-1, § 2.002(e) (Supp. 1992).