Rickey PETERSON, Appellant,

v.

Richard WHITE, Appellee.

No. 12–93–00038–CV.

Court of Appeals of Texas, Tyler.

April 29, 1994.

Rehearing Denied June 20, 1994.

Rickey Peterson, pro se.

Richard White, pro se.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

HOLCOMB, Justice.

This *pro se* appeal was perfected after the judge in a non-jury trial granted an oral motion for judgment for the Appellee after the Appellant, who was the plaintiff at trial, rested. Appellant brings one point of error which he presents in the form of a question: "Whether the trial court abused its discretion in granting an oral motion to dismiss Appellant's lawsuit?" We will affirm.

In 1991, Appellant was charged with burglary of a habitation, enhanced by two prior felony convictions. Joe Shumate was appointed to represent Appellant in his criminal trial. Appellant was found guilty and given a life sentence. We infer from the record that there was a "falling out" between Shumate and Appellant which resulted in Appellant filing a grievance and lawsuit against Shumate. The judge then appointed the Appellee to represent Appellant on appeal. On Appellant's behalf, the Appellee filed a motion for new trial alleging that Appellant had received ineffective assistance of counsel because certain alibi witnesses were not called, and that certain jurors did not reside in Rusk County. Once again, there appears to have been a disagreement between Appellant and his attorney (Appellee) at this point.

It is our understanding that the motion for new trial was overruled in Appellant's criminal case by operation of law. The Appellee filed an *Anders* brief (*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) which did not raise the same points that were raised in the motion for new trial. Around this time, the Appellee secured employment as an Assistant District Attorney of Panola County. Accordingly, the trial court allowed the Appellee to withdraw, and Clay Wilder was appointed to handle Appellant's criminal appeal. Subsequently, Wilder filed a brief which was satisfactory to Appellant, and apparently escaped the grievances and lawsuits Appellant's previous attorneys suffered.

Appellant brought suit against the Appellee in which he alleged gross negligence and intentional wrongful acts of malpractice. These claims centered on acts and conduct occurring while the Appellee represented Appellant on appeal. Appellant alleged total damages in the amount of $1,250,000.00.

In a non-jury trial before a visiting judge, Appellant presented testimony from Shumate, Wilder, himself, and Appellee. As previously stated, at the close of Appellant's case the Appellee moved for judgment because Appellant had presented no evidence of proximate cause or damages. The court, while observing that there may have been certain misconduct on the Appellee's part, granted the motion for judgment and specifically found that no evidence had been presented on the issues of proximate cause and damages.

■ First, we note that Appellant stated the wrong standard of appeal when he designated the trial court's action to be an "abuse of discretion." In a non-jury trial, the judge "serves the dual capacity of fact finder and magistrate" and "has the power and the duty to weigh the evidence, draw inferences and make reasonable deductions from the evidence and to believe or disbelieve all or part of it." *Qantel Business Sys. Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 306 (Tex.1988) (Gonzales, J., concurring).

In *Qantel,* the Supreme Court held that when the plaintiff rests his case, on a motion for judgment by the defendant, the judge has the power to rule on the legal and factual sufficiency of the evidence. On appeal, we are required to consider only the evidence most favorable to Appellant where the court has granted a motion for judgment after the plaintiff has rested, as in the instant case. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277 (Tex.1987); *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950).

■ We now turn to the essential facts presented by Appellant at trial. Shumate testified that he believed he had preserved all errors in the trial court. Because of conflicts with Appellant, he had asked to be relieved as Appellant's counsel. He did not testify concerning any damages that may have been incurred by Appellant.

Wilder testified that he had problems getting information for the appeal from the Appellee. He told about work he had done on the appeal and certain errors he felt the trial

court had committed which were not included in the brief that the Appellee filed on Appellant's behalf. Wilder offered his opinion that evidence of ineffective assistance of counsel regarding certain alibi witnesses and evidence of jurors who might have been ineligible to serve should have been presented in the motion for new trial, and a hearing had on these issues to properly preserve them for appeal, which the Appellee failed to do. Wilder did not testify as to any damages.

Appellant himself related the details of his view as to what transpired in his original case on appeal. He alleged that the *Anders* brief, which the Appellee filed four days after a grievance had been filed against him, was a "vendetta." He testified about having to file his own supplemental *pro se* brief with the appellate court. He stated that the problems he had in preparing his brief were because of the lack of any cooperation by the Appellee. Although Appellant pointed out many alleged wrongs that the Appellee had done to him, he did not discuss proximate cause or damages.

The last witness was the Appellee, who was called as an adverse witness. Essentially, he testified the reasons for any inadequacies on his part were due to a lack of information and Appellant's attitude. He pointed out the work he had done on Appellant's behalf before being relieved as appellate counsel. He did not testify about damages.

From our review of the record, in the light most favorable to the Appellant, we find no evidence of proximate cause or damages. We hold that the trial court acted properly in granting the motion for judgment for the Appellee.

The judgment of the trial court is affirmed.