IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-453-CV


AND


NO. 3-93-454-CV





STATE OF TEXAS,



 APPELLANT


vs.





AL JONES, ANN JONES AND KEVIN JONES,



 APPELLEES


 




FROM THE COUNTY COURT OF TOM GREEN COUNTY



NOS. 14,256 & 14,257, HONORABLE WILLIAM R. MOORE, JUDGE PRESIDING



 





PER CURIAM



 Appellant State of Texas appeals from judgments of the county court of Tom Green
County that awarded possession of two pickup trucks to appellees Al Jones, Ann Jones and Kevin
Jones. In one point of error, the State complains of the sufficiency of the evidence to support the
trial court's determination that appellees are the owners of the trucks. Because the evidence is
sufficient, we will affirm the trial-court judgments.

 In March 1992, a Texas Department of Public Safety investigator seized a red and
black pickup truck and a brown and tan pickup truck in Tom Green County. Certificate of Title
Act, Tex. Rev. Civ. Stat. Ann. art. 6687-1, § 49(c) (West Supp. 1995) ("Certificate of Title
Act"). (1) The State filed a petition and an amended petition for forfeiture in the justice court of
Tom Green County stating that the State could not determine the rightful owner and asking that
title to the vehicles be delivered to the district attorney for Tom Green County. See Act of June
18, 1987, 73d Leg., R.S., ch. 542, § 1, 1987 Tex. Gen. Laws 2210 (Tex. Code Crim. Proc., art.
47.01a, since amended) ("Art. 47.01a"); (2) Certificate of Title Act, § 49(d), (e) (West Supp. 1995). (3) 
After a hearing, the justice court determined that appellees were the owners of the two trucks and
ordered the State to return them to the appellees.

 The State appealed the justice-court judgment to the county court. Tex. R. Civ.
P. 571. After a bench trial, the county court found that appellees owned the two trucks and
ordered them returned to appellees. This judgment underlies the State's appeal to this Court. See
Bretz v. State, 508 S.W.2d 97, 98 (Tex. Cr. App. 1974); Nelms v. State, 761 S.W.2d 578, 579
(Tex. App.--Fort Worth 1988, no writ) (appeals under chapter 47 are civil in nature).

 In one point of error, the State contends that the trial court erred in directing a
verdict because the evidence that appellees are the owners of the vehicles is insufficient as a matter
of law. Because this was a nonjury trial, we understand that appellees moved for judgment, and
not for a directed verdict, after the State presented its evidence. See Qantel Business Sys., Inc.
v. Custom Controls Co., 761 S.W.2d 302, 303-5 (Tex. 1988); Moore v. Office of the Attorney
Gen., 820 S.W.2d 874, 876 (Tex. App.--Austin 1991, no writ). Because a trial court may review
both the factual and legal issues at the close of the plaintiff's case in a bench trial, an appellant
may challenge the sufficiency of the evidence to support the judgment as in any nonjury case. 
Qantel Business Sys, 761 S.W.2d at 304; Moore, 820 S.W.2d at 876.

 The State argues that the evidence is insufficient as a matter of law to support the
finding that appellees are the owners of the vehicles and, therefore, raises only a legal-sufficiency
challenge. By filing the petition, the State put the question of the right to possession of the
vehicles in issue. Art. 47.01a(a). In reviewing a legal-sufficiency point that attempts to overcome
an adverse fact finding, we first consider only the evidence and inferences tending to support the
trier of fact and disregard all evidence and inferences to the contrary. If no evidence supports the
finding, we examine the entire record to see if the contrary proposition is established as a matter
of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982); but see Peterson v. White, 877 S.W.2d 62, 63 (Tex. App.--Tyler
1994, no writ); Mann v. NCNB Tex. Nat'l Bank, 854 S.W.2d 664, 667 n.2 (Tex. App.--Dallas
1992, no writ) (because trial court rendered judgment on motion for judgment, appellate court
considers only evidence and inferences most favorable to appellant).

 The State's only witness was Cliff Babbitt, an investigator with the Texas
Department of Public Safety, assigned to the motor vehicle theft division. Babbitt testified that,
in March 1992 during the course of an unrelated investigation, he inspected a red and black
pickup truck that displayed a vehicle identification number ("VIN") plate for a 1982 model. The
VIN number on the vehicle was 2GCDCI4H6C1159841. Because the VIN plate appeared
suspicious, Babbitt checked for the federal safety certificate, or Nadar sticker, and load data
sticker, which also show the VIN. These two stickers had been removed. He then inspected the
engine, which appeared to be a 1988 or 1989 model engine. The number that corresponds to the
VIN was not on the engine. Instead, Babbitt observed deep grinds in the metal; he testified the
engine "was obviously ground to remove the number." He also testified that the truck was
repainted.

 Several days later, Babbitt seized a brown and tan pickup truck that the license plate
number and VIN showed to be a 1984 model. The VIN was 1GCHC33J6ES134796. The Nadar
sticker with the same VIN appeared to have been removed and reattached; the load data sticker
was missing. This truck did not have an engine number but had grind marks where the number
should have been. The VIN identified a truck with a diesel engine; however, the engine was not
a diesel. Welds on the frame suggested that the piece with the frame number had been replaced
to show a number that matched the VIN and the Nadar sticker.

 At best the preceding evidence and inferences drawn from the evidence raise a
presumption that the trucks may have been stolen vehicles. See Certificate of Title Act, § 49(c),
(g) (4) (West Supp. 1995). On cross-examination of Babbitt, appellees offered, and the trial court
admitted, certificates of title and related documents that show that appellees have title to trucks,
purchased from automobile dealers, with the above VIN numbers. The State offered no evidence
to rebut this proof. Because the evidence supports the judgments that award possession to
appellees, we overrule the State's point of error. See American Fire & Indem. Co. v. Jones, 828
S.W.2d 767, 770 (Tex. App.--Texarkana 1992, writ denied) (testimony about numbers on truck
and title history showing title in appellant conclusively established appellant as truck owner).


 The judgments of the trial court are affirmed.


Before Justices Jones, Kidd and B. A. Smith

Affirmed on Both Causes

Filed: January 18, 1995

Do Not Publish
1. [1] A peace officer may seize any vehicle . . . without a warrant if the officer has probable
cause to believe the vehicle . . .

 

 (2) has had the serial number, the motor number, or the manufacturer's permanent
vehicle identification number or derivative number removed, altered, or obliterated.


Certificate of Title Act, § 49(c) (West Supp. 1995).
2. [2] The applicable version of article 47.01a provided:


(a) If a criminal action relating to allegedly stolen property is not pending,
a magistrate of the county or city in which the property is being held may
hold a hearing to determine the right to possession of the property, upon
the petition of an interested person, a county, a city, or the state. The
magistrate shall order the property delivered to whoever has the superior
right to possession . . . or the magistrate may remand the property to the
custody of the peace officer . . . .


Act of June 18, 1987, 73d Leg., R.S., ch. 548, § 1, 1987 Tex. Gen. Laws 2210. The recent
amendments to section 47.01a apply to allegedly stolen property that came into the custody of a
peace officer after August 30, 1993. Act of June 18, 1993, 73d Leg., R.S., ch. 860, § 3, 1993
Tex. Gen. Laws 3372, 3373.
3. [3] Section 49(d) and (e) provide:


 (d) A vehicle . . .seized under this section may be treated as stolen
property for purposes of custody and disposition of the vehicle . . . .


 (e) The Department may issue a title to a government agency if a
vehicle . . . is:


 (1) forfeited to the government agency . . . .


Certificate of Title Act, § 49(d), (e). 
4. [4] Section 49(g) provides a procedure by which a person whom a court has determined to be
the rightful owner of a motor vehicle that has had the VIN removed to apply for and receive a
VIN. Certificate of Title Act, § 49(g) (West Supp. 1995).