TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00598-CV







James H. Bruce, Appellant




v.




Jamie Kothmann, Joe Esnoz, and Ted Lee, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 92-14036-A, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM


 Appellant James H. Bruce challenges a take-nothing judgment rendered against him
and in favor of appellees Jamie Kothmann, Joe Esnoz, and Ted Lee. We will affirm the trial
court's judgment.



FACTS


 The dispute arose out of Bruce's June 27, 1991, contract of employment with
American Lamb Producers, Inc. (ALPI). ALPI was a start-up company that planned to process
and market lamb. Under the agreement, ALPI was to employ Bruce as its general manager and
chief executive officer for five years at an annual salary of $90,000. ALPI also promised to
provide him an automobile and, if it terminated him without cause, to pay him severance pay
equal to one year's compensation. Since ALPI had no credit, Bruce personally signed the lease
on the Volvo he rented in accordance with the contract.

 The company soon suffered a cash-flow crisis. The directors believed that they
could raise additional capital more readily if the existing officers resigned. Bruce tendered his
resignation at a teleconference on June 19, 1992, and the board voted to accept it. Bruce testified
that he offered to resign if ALPI, within two or three weeks, paid him $10,000 in severance,
reimbursed him for "about $9,000" of expenses, and assumed the lease on the Volvo. The
minutes of the teleconference reflect an offer for $10,000 severance and $8,000 in expenses; the
issue of the transfer of the Volvo lease was not recorded. Also, the minutes reflect that the board
determined that the offer should "have no greater priority than any other debts."

 On June 25, 1992, Bruce offered by letter to resign effective June 21 if ALPI paid
him $10,000 in severance, reimbursed him $9,300 for expenses, and assumed the lease on the
Volvo. (1) According to a notation purportedly made by Kothmann, the letter was "accepted" by
the board on June 30, 1992. However, none of the conditions were met. And, because ALPI quit
paying for the rental of the Volvo but did not transfer the lease agreement, the Volvo was
ultimately repossessed. The repossession damaged Bruce's credit and delayed the refinancing of
his home.

 Bruce initially sued ALPI for breach of an employment contract, negligence and
gross negligence. ALPI answered the lawsuit but did not defend itself at trial. Bruce obtained
an "interlocutory" judgment against ALPI in the amount of $368,952, and, the same day, filed
an amended pleading adding Kothmann, Esnoz, and Lee as defendants. He later filed an amended
pleading that asserted that Kothmann, Esnoz, and Lee were personally liable for the judgment
obtained against the corporation because they aided and abetted, directed, instigated, participated
in, or knew of ALPI's conduct. On a motion from Kothmann, Esnoz, and Lee, the trial court
severed the action against the individuals from that against the corporation. At trial Bruce sought
to hold Kothmann, Esnoz, and Lee liable for the damages arising from the breach of the
agreement to pay the $19,300 and to assume the lease of the Volvo.



REVIEW OF THE GRANT OF A MOTION FOR JUDGMENT


 Bruce, citing Yarbrough v. Phillips Petroleum Co., 670 S.W.2d 270, 272 (Tex.
App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.), asserts that the proper standard for reviewing
the grant of a motion for judgment in a bench trial is the same as the standard for the grant of a
motion for a directed verdict in a jury trial and that the trial court erred by filing findings of fact
and conclusions of law in this proceeding. Bruce is incorrect.

 In a nonjury trial, the trial judge determines both the factual issues and the
application of the law to those facts. Under these circumstances, the proper procedure on a
motion for judgment is to permit the trial judge to rule on both the factual and legal issues at the
close of the plaintiff's case. The court may make factual findings at that time if they are requested
by a party. Qantel Business Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 304 (Tex.1988);
Moore v. Office of Atty. Gen., 820 S.W.2d 874, 876 (Tex.App.--Austin 1991, no writ). Here,
Bruce himself requested the findings and conclusions that the trial court filed. We will review the
judgment as if it had been rendered after the defense had rested. 



 ANALYSIS


 By points of error one and two, Bruce complains that the trial court erred in
granting appellee's motion for judgment because he established a prima facie case of negligent
misrepresentation against both ALPI and the individual defendants Kothmann, Esnoz, and Lee,
respectively. (2) Bruce briefed his points of error based on his erroneous assumption that he would
only have to raise an issue of fact on each element to avoid a judgment rendered at the close of
his case. He does not challenge any of the trial court's findings of fact or its failure to find any
elements of the tort of negligent misrepresentation. He requested additional findings of fact and
conclusions of law that would have supported a claim, but the trial court refused to make them. (3) 
Bruce does not challenge that refusal on appeal and has therefore waived any error regarding the
refusal. Cameron v. MacDonell, 659 S.W.2d 911, 912 (Tex. App.--Dallas 1983, no writ). 
Arguably, Bruce presents nothing for appellate review.

 However, reviewing courts construe briefs liberally to fairly and equitably
adjudicate the rights of the litigants. Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990);
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Under the points, Bruce
challenges the trial court's conclusions of law that neither ALPI nor Kothmann, Esnoz, or Lee
committed tortious acts with regard to Bruce. Conclusions of law denote the theory upon which
the case was tried. De Benavides v. Warren, 674 S.W.2d 353, 362-3 (Tex. App.--San Antonio
1984, writ ref'd n.r.e.). A conclusion of law may be reviewed for legal correctness. However,
even if the trial court erred in its conclusions of law, we would not reverse the judgment if it
could be upheld on any legal basis. Vandever v. Goette, 678 S.W.2d 630, 635 (Tex.
App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.); De Benavides, 674 S.W.2d at 362-3.

 Bruce's basic complaint is that the trial court concluded that no tort had been
committed while he claims to have proven a prima facie case of negligent misrepresentation. The
trial court found that Bruce agreed to give up his rights under the employment contract if the
requested payments were made and the lease was transferred. (4) Without addressing whether Bruce
proved the elements of negligent misrepresentation, we note that the tort of negligent
misrepresentation is generally not available when a contract exists. (5) See Airborne Freight Corp.
v. C.R. Lee Enters., 847 S.W.2d 289, 295 (Tex. App.--El Paso 1992, writ denied). Tort
obligations are generally obligations imposed by law that are independent of promises made
between parties. Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991). 
When a defendant's conduct gives rise to liability because it breaches an agreement between the
parties, the plaintiff's claim ordinarily sounds only in contract. Id. Further, the plaintiff's case
sounds only in contract when the damages claimed arise solely from the breach of the contract. 
Id.; C.R. Lee Enters., 847 S.W.2d at 295-6.

 The Texas Supreme Court, in Federal Land Bank Ass'n. v. Sloane, 825 S.W.2d
439 (Tex. 1991), held that a party cannot recover the benefit of the contract in an action for
negligent misrepresentation. 825 S.W.2d at 443; Restatement (Second) of Torts § 552B (1977)
("the damages recoverable for a negligent misrepresentation do not include the benefit of the
plaintiff's contract with the defendant"). See also River Consulting, Inc. v. Sullivan, 848 S.W.2d
165, 170 (Tex. App.--Houston [1st Dist.] 1992, writ denied) (summary judgment appropriate on
claim for negligent misrepresentation because duty to pay arose from contract and damages arose
from defendant's failure to pay under contract); C.R. Lee Enters., 847 S.W.2d at 296 (overturning
jury award of $250,000 for negligent misrepresentation as matter of law since damages were for
benefit of contract).

 In the instant case, the duty to pay arose from the contract between ALPI and
Bruce. Further, the damages Bruce sought to prove at trial included the $10,000 severance pay,
unreimbursed expenses of $9,300, expenses incurred in retrieving and repairing the Volvo, and
expenses incurred when he was unable to finance his house timely due to a poor credit rating he
received as a result of the Volvo's repossession. All of the alleged damages arose from the breach
of the contract and seek to recoup the benefit of his contract with ALPI. (6)
 As a matter of law,
Bruce did not prove a cause of action for negligent misrepresentation since the duty to pay and
the damages arose from the contract. We hold that the trial court's conclusion is correct. Points
of error one and two are overruled.

 The trial court's judgment is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: August 16, 1995

Do Not Publish 

1.   The letter stated that it "supersedes any and all previous resignations, verbal and
written."
2.   Kothmann, Esnoz, and Lee argue that Bruce did not plead negligent
misrepresentation below. His third amended petition expressly pleaded only breach of
contract, negligence, and gross negligence. The purpose of pleadings is to give the
adverse parties notice of each party's claims, defenses, and relief sought. Perez v.
Briercroft Serv. Corp., 809 S.W.2d 216, 217 (Tex. 1991). In determining whether a cause of
action was pled, the plaintiff's pleadings must be adequate for the court to be able to ascertain
the elements of the plaintiff's cause of action and the relief sought with sufficient information
upon which to base a judgment. Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979). The
court will uphold the pleading even if some element of a cause of action has not been
specifically alleged. Gulf, C. & S.F. Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex. 1963). 


 The elements of a cause of action for negligent misrepresentation are that: (1) the
defendant, in the course of business, or in a transaction in which he has a pecuniary interest;
(2) the defendant supplied false information for the guidance of others in their business
transactions; (3) the defendant failed to exercise reasonable care in obtaining or
communicating the information; and (4) the plaintiff reasonably relied on the representation. 
Federal Land Bank Ass'n. v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991). Here, Bruce pled
that the defendants said the corporation would take certain action that was not taken, but did
not allege that the statements were false when made; further, he did not allege that the
defendants failed to use reasonable care in obtaining or communicating the information or that
he reasonably relied on it. Moreover, Bruce requested only damages previously established
against the corporation in the post answer default for breach of contract, negligence and gross
negligence. Arguably, the pleadings did not give Kothmann, Esnoz, and Lee fair notice of a
cause of action for negligent misrepresentation. Points of error predicated on unpleaded
causes of action should be overruled. Gonzalez v. City of Harlingen, 814 S.W.2d 109, 112
(Tex. App.--Corpus Christi 1991, writ denied) (overruling point of error predicated on breach
of contract when breach of contract not pleaded at trial).


 However, since Bruce claims to have adduced evidence on all elements of the tort, and
his petition alleged that defendants made untrue statements in the course of business that he
relied upon, we will assume that the issue was tried by consent. Tex. R. Civ. P. 67; Roark v.
Allen, 633 S.W.2d 804, 809 (Tex. 1982).
3.   The trial court refused to make the additional findings on the ground that "each of
the additional and amended findings and conclusions is inappropriate, inasmuch as the
Court has failed to find such requested facts from the record, and has previously entered
both findings and conclusions inconsistent with this request."
4.   The trial court found that Bruce agreed to give up his rights under the employment
contract in exchange for $10,000 in severance, reimbursement of $8,000 in out-of-pocket
expenses, and the assumption of the lease on the Volvo; that the corporation owed Bruce
this unsecured debt; and that ALPI "breached its agreement" to pay Bruce and to assume
the lease.
5.   If a special relationship exists, a breach of contract may give rise to a tort cause of
action such as professional malpractice. 
6.   The person injured by a breach of contract is entitled to damages in an amount that
will put him in as good a position as he would have been in had in the contract been
performed. Little Darling Corp. v. Ald, Inc., 566 S.W.2d 347, 349 (Tex. Civ. App.--Dallas
1978, no writ).